# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/23/2022 04:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Case 2:22-cv-04337-FLA-SK Document 1-1 Filed 06/24/22 Page 2 of 11 Page ID #:9

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Curtis Kin

Silvia E. Luna, Esq., SBN 315077
**LUNA LEGAL FIRM**
16501 Ventura Blvd., Suite 400
Encino, CA 91436
Telephone: (213) 444-6736
Facsimile: (213) 210-2694
E-mail: sluna@lunalegalfirm.com


Attorneys for Plaintiff
**RAUL VARGAS**


## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| RAUL VARGAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL STUDIOS HOLLYWOOD;<br>UNIVERSAL CITY SUDIOS LLC; and<br>DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 22STCV16953<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**<br><br>(1) Disability Discrimination in Violation of the Americans with Disabilities Act;<br>(2) Disability Discrimination in Violation of the Unruh Civil Rights Act;<br>(3) Disability Discrimination in Violation of the Disabled Persons Act;<br>(4) Negligence;<br>(5) False Imprisonment; and<br>(6) Intentional Infliction of Emotional Distress.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff RAUL VARGAS ("PLAINTIFF") hereby alleges as follows:

**INTRODUCTION**

1.       This is an action brought by PLAINTIFF pursuant to California statutory, decisional, and regulatory laws. PLAINTIFF was a patron of Defendants UNIVERSAL STUDIOS HOLLYWOOD and UNIVERSAL CITY SUDIOS LLC's (collectively referred to as "UNIVERSAL") them park, Universal Studios Hollywood.  At all times herein mentioned, UNIVERSAL and DOES 1-100 (collectively referred to as "DEFENDANTS") were California business entities doing business in the sate of California.

2.       PLAINTIFF alleges that California statutory, decisional, and/or regulatory laws prohibit the conduct by DEFENDANTS herein alleged, and therefore PLAINTIFF has an entitlement to monetary relief on the basis that DEFENDANTS violated such statutes, decisional law, and/or regulations.

**JURISDICTION AND VENUE**

3.       The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts."  The Statutes under which this action is brought do not specify any other basis for jurisdiction.

4.       The California Superior Court has jurisdiction over Defendant because it is a corporation, limited liability company, entity, and/or person that has sufficient minimum contacts in California, is a citizen of California, or otherwise purposely availed itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

5.       Venue is proper in this Court because, upon information and belief, one or more of the named DEFENDANTS reside, transact business, or have offices in this county.

6.       DEFENDANTS' wrongful conduct, as alleged herein, occurred and the causes of action arose, at least in part, in the County of Los Angeles.

**PARTIES**

7.       PLAINTIFF is and has been a resident of Los Angeles County, State of California.

COMPLAINT FOR DAMAGES

1    Plaintiff's claims arose, at least in part, in Los Angeles County, California.

2          8.     DEFENDANTS UNIVERSAL are corporations, limited liability companies, and/or

3    entities duly organized and existing under the Constitution of the State of California, and

4    conducting business in Los Angeles County, California.

5          9.     Plaintiff does not know the true names or capacities of the persons or entities sued

6    herein as Does 1-100, inclusive, and therefore sues said Defendants by such fictitious names.  Each

7    of the Doe Defendants was in some manner legally responsible for the violations as herein alleged,

8    and caused injuries and damages proximately thereby to Plaintiff as herein alleged.  Plaintiff will

9    ask leave of Court to amend this Complaint to show their true names and capacities at such time as

10   they are ascertained.

11         10.    At all times mentioned herein, the DEFENDANTS named as Does 1-100, inclusive,

12   and each of them, were residents of, doing business in, availed themselves of the jurisdiction of,

13   and/or injured PLAINTIFF in the State of California.

14         11.    At all times mentioned herein, each Defendant was the agent, servant, or employee

15   of the other Defendants and in acting and omitting to act as alleged herein did so within the course

16   and scope of that agency or employment.

17                                   **JOINT LIABILITY**

18         12.    Unless otherwise indicated herein, each Defendant herein sued is the agent, co-

19   conspirator, joint venture, general employer, special employer, dual employer, partner, and/or

20   employee of every other Defendant and, as alleged, has been acting within the course and scope of

21   said agency, conspiracy, joint venture, dual employment, joint employment, partnership, and/or

22   employment with the knowledge and/or consent of co-Defendants, and each of them.  Moreover,

23   PLAINTIFF is informed and believes, and thereon alleges, that each Defendant has authorized

24   and/or ratified the wrongful activities of each of the remaining Defendants.

25                       **FACTS COMMON TO ALL CAUSES OF ACTION**

26         13.    On or about April 23, 2022, PLAINTIFF visited Universal Studios Hollywood

27   theme park ("PARK") in Universal City, California, along with fourteen (14) friends and family

28   members. Prior to entering the PARK, PLAINTIFF and his friends and family members purchased

1    a ticket to enter the PARK.

2        14.    At all times relevant, PLAINTIFF was disabled and in a wheelchair, and subjected

3    to repeated discrimination by DEFENDANTS' employees due to his disability and/or perceived

4    status as a disabled person.

5        15.    Upon entering the PARK, DEFENDANTS' employees instructed PLAINTIFF to

6    register his wheelchair and obtain a bypass, which would allow PLAINTIFF to schedule a time to

7    get on the PARK rides. DEFENDANTS' bypass only allows one reservation at a time.

8        16.    PLAINTIFF registered his wheelchair and obtained the bypass.

9        17.    PLAINTIFF made a reservation for the Jurassic World ride through the bypass.

10   Because of its popularity, PLAINTIFF was not able to obtain a reservation. Instead, the bypass

11   reservation was scheduled about two and half hours later at approximately 1:40 p.m.

12       18.    PLAINTIFF and his group walked over to the Mummy ride to enjoy another ride

13   while they waited for the bypass reservation time.

14       19.    Upon arriving at the Mummy ride, PLAINTIFF and his group attempted to enter the

15   Mummy ride through the standard line. Immediately, DEFENDANTS' employee approached

16   PLAINTIFF and denied him entry. DEFENDANTS' employee scolded PLAINTIFF stating, "you

17   cannot go in the regular line! Not in that! Not in that wheelchair!"

18       20.    DEFENDANTS' employee told PLAINTIFF that he could only enter the Mummy

19   ride with a wheelchair through the bypass line if he had a bypass reservation. PLAINTIFF

20   explained that he could not obtain a bypass reservation because he already had an outstanding

21   bypass reservation to Jurassic World.

22       21.    Several of DEFENDANTS' employees denied PLAINTIFF the opportunity to wait

23   in the standard line at the Mummy ride. DEFENDANTS' employee later admitted that

24   PLAINTIFF could not enter the standard line because it was not wheelchair accessible.

25       22.    PLAINTIFF was left to sit outside in the sun for nearly two hours while his group

26   waited in the standard line and rode the Mummy ride.

27       23.    Later that day, PLAINTIFF was subject to discrimination by DEFENDANTS'

28   employees again when he was leaving the Harry Potter ride.  DEFENDANTS' employee

- 4 -

COMPLAINT FOR DAMAGES

1  approached PLAINTIFF and yelled at him to move three times.  PLAINTIFF attempted to safely

2  move but it was difficult to do so given the numerous patrons around. DEFENDANTS' employee

3  took his hat off, shook his head, and made frustrated facial gestures at PLAINTIFF. Suddenly,

4  DEFENDANTS' employee, Cecilia whose last name is unknown, stood in front of PLAINTIFF's

5  wheelchair blocking his movement. PLAINTIFF politely asked the employee to move but she

6  refused.  After several minutes, the employee yelled, "Just go!" but she refused to move and

7  continued to block PLAINTIFF's way.

8       24.

9  **FIRST CAUSE OF ACTION**

10  **Violation of Title II of the Americans with Disabilities Act of 1990 42 U.S.C. § 12131, et seq.**

11  **(By Plaintiff against Defendant State Bar of California**

12  **(By Plaintiff against all Defendants)**

13       25.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

14       26.    Plaintiff is a qualified individual with disabilities within the meeting of 42 U.S.C.

15  §§ 12102(2) and 12132.

16       27.    At all relevant times, Defendants UNIVERSAL STUDIOS HOLLYWOOD and

17  UNIVERSAL CITY SUDIOS LLC, and each of them, were private entities providing public

18  accommodations pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C.

19  §§ 12181 *et seq*. Consequently, Defendants UNIVERSAL STUDIOS HOLLYWOOD and

20  UNIVERSAL CITY SUDIOS LLC, and each of them, are subject to Title III of the Americans

21  with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq*.

22       28.    Defendants have discriminated against Plaintiff in that they denied Plaintiff and

23  other disabled patrons who are wheelchair bound the opportunity to participate in or benefit from

24  the privileges of Defendants' amusement park rides in violation of 42 U.S.C. § 12182(a) and

25  Section 1002 of the 2010 Standards.  Thus, Defendants have discriminated against Plaintiff in that

26  they has failed to provide accessible routes to its amusement park rides for wheelchair bound

27  patrons in order to make them fully accessible to, and independently usable by, individuals who

28  disabled and wheelchair bound.

29.     Providing the same access and/or alternative access mandated by the ADA and Section 1002 of the 2010 Standards would neither fundamentally alter the nature of Defendantss amusement park services nor result in an undue burden to Defendants.

30.     As a proximate result of the unlawful acts described herein, Plaintiff has suffered and continues to suffer injury.

31.     Defendant's unlawful actions were and are intentional, willful, malicious and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on his disabilities. Defendants' conduct is ongoing, and, given that Defendants have not complied with the ADA's requirements that public accommodations make amusement park rides fully accessible to, and independently usable by, disabled and wheelchair bound individuals, notwithstanding that those requirements have been in place since 1991.

32.     Plaintiff is entitled to injunctive and declaratory relief, including compensatory damages, as well as attorneys' fees and costs. Plaintiff isre entitled to

33.     Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period of one year after the Defendants' certify that they have are fully in compliance with the mandatory requirements of the ADA, Defendants' non-compliance with the ADA's requirements that its amusement park rides be fully accessible to, and independently usable, by disabled and wheelchair bound people is likely to recur.

## SECOND CAUSE OF ACTION

### Violation of the Unruh Civil Rights Act California Civil Code § 51, *et seq*.

### (By Plaintiff against All Defendants)

34.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

35.     The Unruh Civil Rights Act requires that people with disabilities be provided equal access to the accommodations, advantages, facilities, privileges, and services of all business establishes of any kind whatsoever. Cal. Civ. Code §§ 51, *et seq*. Further, "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) … also constitute[s] a violation of [the Act]." Cal. Civ. Code § 51(f).

36.     Plaintiffs is a person with disabilities under California Government Code § 12926

1   and California Civil Code § 51, *et seq*.

2        37.    Defendants UNIVERSAL STUDIOS HOLLYWOOD and UNIVERSAL CITY

3   SUDIOS LLC, and Doe Defendants, are business establishment as that term is used in California

4   Civil Code § 51(b), and the management, administration, and control of the amusement rides at

5   Universal Studios Hollywood is an accommodation, advantage, facility, privilege, and/or service of

6   Defendants.

7        38.    Defendants have and continue to violate the Unruh Civil Rights Act by denying

8   Plaintiff, and others similarly wheelchair bound, full and equal access to its amusement park rides.

9        39.    As a proximate result of the unlawful acts described herein, Plaintiff has suffered

10  and continues to suffer injury.

11       40.    Defendants' unlawful actions were and are intentional, willful, malicious and/or

12  done with reckless disregard to Plaintiff's rights to be free from discrimination based on his

13  disabilities.

14       41.    Plaintiff is entitled to injunctive and declaratory relief, including compensatory

15  damages, and attorneys' fees and costs.

16                          **THIRD CAUSE OF ACTION**

17        **Violation of the Disabled Persons Act California Civil Code §§ 54.3 and 55.56**

18                   **(By Plaintiff against All Defendants)**

19       42.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

20       43.    At all relevant times, Defendants were the owners of Universal Studios Hollywood

21  amusement park.

22       44.    Plaintiff is a qualified individual with disabilities within the meeting of 42 U.S.C.

23  §§ 12102(2) and 12132 because he is wheelchair bound.

24       45.    Plaintiff claims that he was denied full and equal access to Defendants' amusement

25  park rides because of physical barriers. Specifically, Defendants' amusement park rides were not

26  accessible to patrons in wheelchairs due to physical barriers that violated construction-related

27  accessibility standards in that they did not permit the wheelchairs to have access to the rides.

28       46.    On or about April 23, 2022, Plaintiff personally encountered the violation.

COMPLAINT FOR DAMAGES

47.     Defendants' denial of access to Plaintiff caused Plaintiff embarrassment, humiliation, difficulty, discomfort, and frustration.

48.     As a proximate result of the unlawful acts described herein, Plaintiff has suffered and continues to suffer injury.

49.     Defendants' unlawful actions were and are intentional, willful, malicious and/or done with reckless disregard to Plaintiff's rights to be free from discrimination based on his disabilities.

50.     Plaintiff is entitled to injunctive and declaratory relief, including compensatory damages, and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**

**Negligence**

**(By Plaintiff against All Defendants)**

51.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

52.     Plaintiff alleges that Defendants were negligent in their management, operation, and/or ownership of the Universal Studios Hollywood theme park.

53.     As a proximate result of the unlawful acts described herein, Plaintiff has suffered and continues to suffer injury.

54.     Defendants' negligence was a substantial factor in causing Plaintiff's harm.

55.     Defendants' unlawful actions were and are intentional, willful, malicious and/or done with reckless disregard to Plaintiff's rights to be free from discrimination based on his disabilities.

56.     Plaintiff is entitled to injunctive and declaratory relief, including compensatory damages, and attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**

**False Imprisonment**

**(By Plaintiff against All Defendants)**

57.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

58.     Defendants' employee intentionally deprived Plaintiff of his freedom of movement

1    by use of physical barriers, threats of force, and unreasonable duress, as described herein.

2        59.    The restraint compelled Plaintiff to stay somewhere for an appreciable amount of

3    time.

4        60.    Plaintiff did not knowingly or voluntarily consent to the restraint.

5        61.    As a direct and proximate result of the unlawful restraint, Plaintiff was a harmed.

6        62.    The restraint was a substantial factor in causing Plaintiff's harm.

7        63.    Defendants' unlawful actions were and are intentional, willful, malicious and/or

8    done with reckless disregard to Plaintiff's rights to be free from discrimination based on his

9    disabilities.

10        64.    Plaintiff is entitled to injunctive and declaratory relief, including compensatory

11    damages, and attorneys' fees and costs.

12                                **SIXTH CAUSE OF ACTION**

13                          **Intentional Infliction of Emotional Distress**

14                            **(By Plaintiff against All Defendants)**

15        65.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

16        66.    As described herein, Defendants' conduct caused Plaintiff to suffer severe

17    emotional distress.

18        67.    Defendants' conduct was outrageous.

19        68.    Defendants' conduct was intended to cause Plaintiff emotional distress and/or

20    Defendants' acted with reckless disregard of the probability that Plaintiff would suffer emotional

21    distress, knowing that Plaintiff was present when the conduct occurred.

22        69.    Defendants' conduct was a substantial factor in causing Plaintiff's emotional

23    distress.

24        70.    Defendants' unlawful actions were and are intentional, willful, malicious and/or

25    done with reckless disregard to Plaintiff's rights to be free from discrimination based on his

26    disabilities.

27        71.    Plaintiff is entitled to injunctive and declaratory relief, including compensatory

28    damages, and attorneys' fees and costs.

1

**PRAYER FOR RELIEF**

2      WHEREFORE, Plaintiff prays for judgment against Defendants as follows to the full extent

3  allowed by law:

4          1.     For any and all penalties under the law;

5          2.     Grant all injunctive relief necessary to bring Defendants into compliance with the

6                 ADA and California law;

7          3.     Grant Declaratory relief;

8          4.     Award compensatory damages for Plaintiff's emotional pain and suffering, in an

9                 amount to be proven at trial;

10         5.     Award Treble Damages;

11         6.     Award statutory minimum damages;

12         7.     Award punitive damages;

13         8.     Order Defendants to pay Plaintiffs' reasonable attorneys' fees, reasonable expert

14                witness fees, and other costs of this action;

15         9.     Award interest on damages, including pre- and post-judgment interest and an

16                upward adjustment for inflation; and

17         10.    For such other and further relief as the court may deem just, proper, and equitable.

18

19                              **LUNA LEGAL FIRM**

20

21

22  Dated: May 23, 2022            By:   _____

23                                       Silvia E. Luna, Esq.
                                         Attorneys for Plaintiff
24                                       **RAUL VARGAS**

25

26

27

28

---

- 10 -

COMPLAINT FOR DAMAGES